UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT ALLEN STANFORD,

      Petitioner,

v.                            Case No.:  5:20-cv-332-Oc-38PRL

WARDEN, FCC COLEMAN,

      Respondent.

_____/

## OPINION AND ORDER[1]

Before the Court is Petitioner Robert Allen Stanford's ("Stanford") Motion to Alter or Amend Judgment, filed pursuant to Federal Rule of Civil Procedure 59(e) and filed on October 9, 2020.  (Doc. 10).  For the following reasons, the motion is denied.

## BACKGROUND

Stanford initiated this case by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Stanford challenged the validity of his 2012 conviction and sentence in the United States District Court for the Southern District of Texas for several counts of conspiracy, wire fraud, mail fraud, money laundering, and obstruction of a Securities and Exchange

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Commission (SEC) investigation. (Doc. 1 at 10); *United States v. Stanford*, Case No. 4:09-cr-342-1 (S.D. Tex.).

On September 30, 2020, the Court dismissed his petition without prejudice for lack of jurisdiction. (Doc. 8). Now, Stanford moves for reconsideration of this Court's September 30, 2020 Opinion and Order under Federal Rule of Civil Procedure 59(e). (Doc. 10). He contends, as he did in his petition, that he is factually and actually innocent. (*Id.*) For the reasons below, the Court denies reconsideration.

## LEGAL STANDARDS

Relief granted under Rule 59(e) is within the sound discretion of the judge. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). In exercising its discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. The former typically prevails, as reconsideration of an order is an extraordinary remedy used sparingly. *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of*

*Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)

Under Rule 59(e), courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *See McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "A motion to reconsider is not a vehicle for rehashing arguments the [c]ourt has already rejected or for attempting to refute the basis for the [c]ourt's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Michael Linet, Inc. v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005). "A motion to reconsider should raise new issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning").

## DISCUSSION

Stanford argues this Court erred in dismissing his habeas petition and, therefore, reconsideration is warranted under Federal Rule of Civil Procedure 59(e). (Doc. 10). The Court disagrees. Stanford has not demonstrated any

basis for reconsideration.  He has failed to show how reconsideration is necessary to correct a clear error or prevent manifest injustice.  Instead, Stanford uses this motion to re-litigate the issues the Court already considered and rejected.  What is more, a review of the applicable law shows the Court has not committed any mistake in interpreting the law or the facts.  At its core, Stanford's motion asks this Court to reassess its decision, meanwhile failing to consider why his arguments to the contrary failed.  The Court stands behind its findings and thus denies Stanford's motion.

Accordingly, it is now

**ORDERED:**

(1)   Petitioner Robert Allen Stanford's Motion to Alter or Amend Judgment (Doc. 10) is **DENIED**.

(2)   Stanford's "Request for Judicial Notice and to Resubmit Previously Dismissed Motions (Doc. 11) is **GRANTED** to the extent that the Court has considered the documents referenced therein.

**DONE** and **ORDERED** in Fort Myers, Florida this December 7, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4